**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WALTER DUANE WHITE,**

    **Petitioner,**

**v.**                                               **CIVIL NO.: 1:09cv67**
                                                   **CRIMINAL NO: 1:05cr50**
                                                   **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 18, 2009, the pro se petitioner, Walter Duane White ("White"), filed a "Motion for Reconsideration, Resentencing (28 U.S.C. § 2255)" (dkt. no. 1). On May 26, 2009, United States Magistrate Judge James E. Seibert issued a Report and Recommendation ("R&R"), which recommended that White's petition be dismissed with prejudice because it is a second or successive § 2255 petition for which White did not receive authorization to file from the Fourth Circuit Court of Appeals (dkt. no. 5). On June 8, 2009, White objected to the R&R. For the reasons discussed below, following a de novo review, the Court **ADOPTS** the R&R in its entirety and denies White's petition.

### I. Background

On July 11, 2005, White pleaded guilty to distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On November 2, 2005, this Court sentenced him to ninety (90) months of incarceration. He did not appeal his sentence.

**WHITE V. USA**                                                    **1:09cv67**
                                                                    **1:05cr50**
**ORDER ADOPTING REPORT AND RECOMMENDATION**

On August 28, 2006, White filed a "Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255. In his first §2255 petition, White attacked the length of his sentence and the denial of his right to appeal, alleging that the Court sentenced him using sentencing Guidelines as mandatory, which subsequently was held to be unconstitutional in United States v. Booker, 543 U.S. 220 (2005). In actuality, however, the Court sentenced White under advisory guidelines using the analysis set forth by the Fourth Circuit Court of Appeals in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Based on that fact, and because White waived his appellate rights when he signed his plea agreement, the Court denied his petition on the merits and he did not appeal that decision.

Subsequently, on November 21, 2008, White filed a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense" pursuant to 18 U.S.C. § 3582(c). Because of the amendments to the United States Sentencing Commission Guidelines §§ 1B1.10 and 2D1.1, the Court granted White's motion and reduced his sentence to seventy-six (76) months.

## II. White's Second §2255 Motion

On May 18, 2009, White filed a second petition pursuant to 28 U.S.C. § 2255 (dkt. no. 226), raising his modified sentence and

2

asking the Court to consider whether it is too harsh. Specifically, he relies on recent case law, and also his allegedly negligible role in the crime leading to his conviction.

### III. Magistrate Judge's R&R

In his R&R, Magistrate Judge Seibert notes that a §2255 petition is considered successive if an earlier §2255 petition has been dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002). Because White's first petition was dismissed on the merits, and because his current motion was filed without authorization from the Fourth Circuit Court of Appeals, Magistrate Judge Seibert concluded that White's petition should be dismissed with prejudice for lack of jurisdiction.

### IV. White's Objections to the R&R

In his objections, White argues that, when the Court sentenced him on November 2, 2005, it stated that it was bound by the Sentencing Guidelines and that, since his sentencing, the United States Supreme Court has held that the Sentencing Guidelines are advisory. He requests that the Court "deny" the R&R's recommendations and impose a reasonable sentence based on his negligible role in the underlying crime.

Contrary to White's assertion, however, in dismissing his previous § 2255 petition, the Court recounted that it informed him

3

as early as his Rule 11 plea hearing that the Sentencing Guidelines were advisory and that the sentencing range established by the Guidelines would be one of several factors it would consider before imposing a sentence. See United States v. White, 1:05CR50, dkt. no. 173.

### V. *De Novo* Review

Upon de novo review, the Court finds that Magistrate Judge Seibert properly applied the controlling legal standard and that White's petition must be considered successive because his first petition pursuant to § 2255 was dismissed on the merits. Harvey, 278 F.3d at 380.

Moreover, before a second or successive petition can be brought, it must be certified by the appropriate court of appeals to contain:

 (1) newly-discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Without certification from the appropriate circuit court of appeal, a district court lacks jurisdiction to

consider a second or successive petition. <u>United States v. Harris</u>, 107 Fed. Appx. 359, 359 (4th Cir. 2004). Accordingly, inasmuch as White did not obtain certification for his successive § 2255 petition, this Court lacks jurisdiction to consider his claims.

## VI. Conclusion

The Court **ADOPTS** the R&R in its entirety (dkt. no. 5), **DENIES** White's successive §2255 petition for lack of jurisdiction (dkt. no. 1), **DISMISSES** this case **WITH PREJUDICE**, and directs the Clerk to strike the case from its docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to mail a copy of this Order to the <u>pro se</u> petitioner, via certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

DATED: August 24, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE